**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOSEPH R. PHILLIPS-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-04-1117-M |
| ) | |
| LIEUTENANT TIPP, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This case is scheduled for trial on the Court's March, 2007 trial docket.

Before the Court is defendant's Second Motion for Summary Judgment, filed November 20, 2006. On December 8, 2006, plaintiff filed his response. Based upon the parties' submissions, the Court makes its determination.

### I.     INTRODUCTION

On September 8, 2004, plaintiff filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging that his Eighth Amendment rights had been violated by subjecting him to cruel and unusual punishment, that he had been deprived of equal protection under the Fourteenth Amendment, and that he had been deprived of due process pursuant to the Eleventh Amendment. On April 28, 2005, defendant filed a motion to dismiss/motion for summary judgment seeking judgment against plaintiff on all claims alleged in his Complaint. On August 10, 2005, United States Magistrate Judge Doyle Argo issued a Report and Recommendation which recommended that summary judgment be granted on all of plaintiff's claims except for his Eighth Amendment excessive force claims stemming from the incidents on July 18, 2003 and July 21, 2003 and his claim that defendant was deliberately indifferent to plaintiff's safety by placing him in the same cell with a known violent inmate, Jerome Jefferson. This Court adopted the Report and Recommendation on December 5, 2005. Defendant

now moves again for summary judgment as to plaintiff's remaining claims.

## II.  SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.  Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

## III.  DISCUSSION

### A.  Excessive Use of Force

To establish an Eighth Amendment claim for excessive use of force, a plaintiff must prove that "force was applied . . . maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (internal quotations and citations omitted); *see also Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  The key judicial inquiry is "whether force was

applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson*, 503 U.S. at 7; *see also Mitchell v. Maynard*, 80 F.3d 1433, 1440 (10th Cir. 1996). *Hudson* and *Whitley* outline five factors to evaluate in determining whether force was used "maliciously and sadistically for the very purpose of causing harm": (1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them. *Whitley*, 475 U.S. at 321; *Hudson*, 503 U.S. at 7.

Further, in *Whitley*, the Supreme Court set forth the applicable inquiry when deciding whether officials such as defendant are entitled to judgment as a matter of law:

> courts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury.

*Whitley*, 475 U.S. at 322.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, as the Court must when addressing a motion for summary judgment, the Court finds plaintiff has presented sufficient evidence regarding both the July 18, 2003 incident and the July 21, 2003 incident to support a reliable inference of wantonness in the infliction of pain. The Court further finds that plaintiff has presented sufficient evidence to create a genuine issue of material fact as to whether defendant used force maliciously and sadistically for the very purpose of causing

harm. Accordingly, the Court finds that defendant's motion for summary judgment should be denied as to plaintiff's excessive use of force claims.

  B. <u>Transfer of Inmate to Cell</u>

The Eighth Amendment imposes duties on prison officials to "take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotations and citations omitted). An inmate who claims that prison officials have violated the Eighth Amendment by failing to take reasonable measures to guarantee the safety of inmates must first demonstrate that the deprivation was "objectively, sufficiently serious." *Id.* at 834 (internal quotations and citations omitted). If the "objective" element is established, the inmate must then establish what has become known as the "subjective" element – that prison officials had a "sufficiently culpable state of mind" in allowing the deprivation to take place, i.e., that the prison officials acted with deliberate indifference to the inmate's health or safety. *Id.* (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, and particularly plaintiff's deposition testimony, the Court finds that plaintiff has presented sufficient evidence to create a genuine issue of material fact as to whether the alleged deprivation was "objectively sufficiently serious" and as to whether defendant had a sufficiently culpable state of mind, i.e., that defendant acted with deliberate indifference to plaintiff's health and safety when he placed inmate Jerome Jefferson in plaintiff's cell. Accordingly, the Court finds that defendant's motion for summary judgment should be denied as to plaintiff's Eighth Amendment claim regarding the transfer of inmate Jerome Jefferson to plaintiff's cell.

IV.     CONCLUSION

For the reasons set forth above, the Court DENIES defendant's Second Motion for Summary Judgment [docket no. 72].

**IT IS SO ORDERED this 27th day of February, 2007.**

_____
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE